IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERFOREVER SPORTS, INC., §<br>as Broadcast Licensee of the §<br>July 17, 2003, Mexico/Honduras Event, §<br>§<br>    Plaintiff, §<br>§<br>v. §<br>§<br>BLANCA ESTELA RIVERA, Individually, §<br>d//b/a EL MICHOACANO NITE CLUB, a/k/a §<br>EL MICHOACANO NIGHT CLUB, §<br>§<br>    Defendant. § | Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Interforever Sports, Inc., ("Plaintiff") and files this *Original Complaint* against Defendant Blanca Estela Rivera, Individually and d/b/a El Michoacano Nite Club a/ka El Michoacano Night Club, ("Defendant") and in support thereof would show the Court as follows:

### PARTIES

1.  <u>Plaintiff</u>.  Interforever Sports, Inc., as Broadcast Licensee of the July 17, 2003, Mexico/ Honduras Event, is a foreign corporation that sells licensing of pay-per-view events.

2.  <u>Defendant Blanca Estela Rivera</u>.  Blanca Estela Rivera ("Rivera" or "Defendant") is an owner or manager of El Michoacano Nite Club a/ka El Michoacano Night Club.   Since September 27, 2001, Defendant has continuously held licenses/permits issued by the Texas Alcoholic Beverage Commission for the Establishment located at 5909 South Gessner, Houston, Texas 77036.  Defendant had a right and ability to supervise the activities of the Establishment.

Defendant also had an obvious and direct financial interest in the activities of the Establishment. Defendant may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant at 5909 South Gessner, Houston, Texas 77036 or 12200 Fleming, #1510A, Houston, Texas 77013.

## JURISDICTION & VENUE

3.      This Court has jurisdiction over the parties in this action because Defendant's principal place of business is in Texas and for the reason that Defendant violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 and Texas Interception of Communication Act, TEX. CIV. PRAC. & REM. CODE §§ 123.001 *et seq.*, in Texas. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367. Pursuant to 28 U.S.C. § 1391(b), venue is, in all things, proper because Defendant's place of business is in this District and for the reason that a substantial part of Plaintiff's claims arose in this District.

## PRELIMINARY BACKGROUND

4.      <u>Authorization to License Event</u>.  Plaintiff is the license company authorized to sub-license the closed-circuit telecast of the July 17, 2003, Championship soccer match between Mexico and Honduras to such commercial establishments such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.  The soccer match is referred to herein as the "Event."

5.      The closed-circuit broadcast of the Event was not intended for the use of the general public.  In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

6. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted to such establishments the right to broadcast the Event in exchange for a fee.

7. <u>Exhibition of the Event</u>. The transmission of the Event was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

8. The transmission of the Event was available to Defendant to purchase for broadcast in the Establishment. Had Defendant chosen to purchase the Event, Defendant would have been authorized to receive, transmit and publish the Event in the Establishment. Defendant did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

9. The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

10. On July 17, 2003, in violation of Plaintiff's rights and federal and state law, Defendant willfully intercepted and/or received the interstate communication of the Event. In the alternative, Defendant assisted in the receipt of the interstate communication of the Event. Defendant then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

11. Defendant misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff.

Defendant's actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

12. Defendant enabled the patrons within the Establishment to view the Event to which neither Defendant nor the Establishment's patrons were entitled to do.

13. The persons whom Defendant permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

14. Defendant was not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## COUNT I

### VIOLATION OF 47 U.S.C. § 553

15. To the extent not inconsistent, Plaintiff incorporates the allegations set forth in the above paragraphs the same as if set forth herein.

16. The Communications Act of 1934, as amended, 47 U.S.C. § 553 ("Section 553") provides, in relevant part:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553(a)(1).

17. Defendant's wrongful actions in connection with the Event, as described above, violate Section 553.

18. Section 553(c)(1) provides that, "[a]ny person aggrieved by any violation of subsection (a)(1) of [§ 553] may bring a civil action in a United States district court" to recover damages as described further in Section 553(c).

19. Plaintiff is a person aggrieved by Defendant's violations of Section 553, and it is therefore authorized to institute this action against Defendant to recover damages from Defendant for Defendant's violations of Section 553 and Defendant's interference with Plaintiff's proprietary rights.

20. As a result of Defendant's wrongful acts, Plaintiff is entitled to the statutory damages provided for in Section 553.

21. Because of Defendant's wrongful actions, Plaintiff is entitled to judgment against Defendant for:

>   (a)  statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to Section 553(c)(3)(A)(ii);
>
>   (b)  statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to Section 553(c)(3)(B); and
>
>   (c)  full costs, including reasonable attorney's fees, pursuant to Section 553(c)(2)(C).

## COUNT II

### VIOLATION OF 47 U.S.C. § 605

22. To the extent not inconsistent, Plaintiff incorporates the allegations set forth in the above paragraphs the same as if set forth herein.

23. The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section 605"), provides in relevant part:

>   . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance,

purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

47 U.S.C. § 605(a).

24. Defendant's wrongful actions in connection with the Event, as described above, violate Section 605.

25. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication . . ." may bring a private cause of action against one who acts in violation of Section 605.

26. By virtue of its licensing authority, Plaintiff maintained proprietary rights in the intercepted communication of the Event.  Therefore, Plaintiff is an aggrieved person and is entitled to recover damages from Defendant for Defendant's violations of Section 605 and Defendant's interference with Plaintiff's proprietary rights.

27. As a result of Defendant's wrongful actions, Plaintiff is entitled to the statutory damages provided for in Section 605 and Plaintiff is entitled to judgment against Defendant for:

(a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to Section 605(e)(3)(C)(i)(II);

(b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to Section 605(e)(3)(C)(ii); and

(c) full costs, including reasonable attorney's fees, pursuant to Section 605(e)(3)(B)(iii).

PRAYER

For the foregoing reasons, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant Blanca Estela Rivera, Individually and d/b/a El Michoacano Nite Club a/ka El Michoacano Night Club, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e) Permanent Injunction enjoining any future exhibition of unauthorized or unlicensed programs and any violation of 47 U.S.C. §§ 553 or 605;

(f) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(g) Pre and post-judgment interest at the highest rate permitted by law; and

(h) Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By:    /s/ Andrew R. Korn
      ANDREW R. KORN
      State Bar No. 11683150
      Southern District Bar No. 13801
      Attorney-in-charge

KORN, BOWDICH & DIAZ, L.L.P.
4221 Avondale Ave.
Dallas, Texas 75219
(214) 521-8800 - Telephone
(214) 521-8821 – Telecopy
www.kbdtexas.com

ATTORNEYS FOR PLAINTIFF
INTERFOREVER SPORTS, INC.