# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| INTERFOREVER SPORTS INC., | § | |
| AS BROADCAST LICENSEE OF THE | § | |
| JULY 17, 2003, MEXICO/HONDURAS EVENT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-CV-2359 |
| | § | |
| BLANCA ESTELA RIVERA, INDIVIDUALLY, | § | |
| D/B/A/ EL MICHOACANO NITE CLUB, A/K/A | § | |
| EL MICHOACANO NIGHT CLUB, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are the plaintiff's request for entry of default and motion for default judgment.  Dkts. 5 & 7.  For the following reasons, the request and motion are GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Interforever Sports Inc., is a broadcast licensee who had the right to exhibit the soccer match between Mexico and Honduras ("the Event") broadcast on July 14, 2006.  The plaintiff was licensed to exhibit the Event at closed circuit locations, such as theaters, arenas, clubs, lounges, restaurants, and other commercial establishments throughout the state.  Commercial customers could receive and broadcast the program only through contracts with the plaintiff.  After receiving sublicense fees, the plaintiff provided these customers with electronic decoding equipment and the necessary satellite coordinates to receive the signal.

The defendant, Blanca Estela Rivers, is the owner or manager of El Michoacano Nite Club, a commercial establishment located at 5909 S. Gessner, Houston, Texas 77036.  The complaint alleges that the defendant unlawfully intercepted the plaintiff's signal and exhibited the Event to

customers in her establishment[1] without having paid the required fees.  It claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks statutory damages pursuant to those sections.  The plaintiff served the defendant with process on August 24, 2006, but to date the defendant has not filed a responsive pleading in the case.  The plaintiff now moves for entry of default and default judgment against the defendant.

DISCUSSION

The record shows that the plaintiff properly served the defendant with a copy of the summons and complaint in compliance with Federal Rule of Civil Procedure 4(e).[2]  Dkt. 4.  Further, though the plaintiff properly served the defendant with a copy of the motion for default judgment by certified mail, return receipt requested,[3] the defendant did not respond before the submission date.[4]  Accordingly, the court grants the plaintiff's motion for entry of default.

The plaintiff seeks damages for violations of the Act pursuant to § 605(e)(3)(C)(i)(II) and (C)(ii).  Because the court grants a default judgment with respect to the defendant's liability under § 605, the Court will not consider damages under § 553.  Even though the complaint alleges violations of § 553, it is not clear that damages resulting from one unlawful act of cable or satellite "piracy" are recoverable under both § 553 and § 605.  The Fifth Circuit has not explicitly addressed

---

[1]  The Affidavit of Michael Liles indicates that he observed approximately 50 people in the establishment during the broadcast of the Event.  Dkt. 8, Ex. A.

[2]  The Return of Service indicates that the summons was served personally on the defendant within 120 days after the complaint was filed.  Dkt. 4.

[3]  *See* S.D. TEX. LOCAL RULE 5.6.

[4]  *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition).

2

whether a plaintiff can recover under both sections for the same action. *See Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996) for the proposition that a plaintiff may not recover under both sections). However, even the courts that have held that liability under § 553 and § 605 overlap often have chosen to impose liability under § 605 and not § 553. *See Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769 (S.D. Tex. July 25, 2002) (explaining that courts generally award damages under section 605 because it is more generous to plaintiffs). Therefore, the Court will calculate the plaintiff's damages based upon the defendant's liability for violating § 605(a). Judgment will be entered against the defendant for damages and attorneys' fees calculated pursuant to § 605(e)(3)(C)(i)(II) and (C)(ii).

If the aggrieved party elects to take statutory damages as opposed to actual damages for violations of § 605(a), § 605(e)(3)(C)(i)(II) provides that "the person aggrieved may recover an award of statutory damages for each violation of subsection (a) . . . in a sum of not less than $1,000, or more than $10,000, as the court considers just . . . ." Pursuant to this section, the plaintiff has requested statutory damages in the amount of $10,000.00 against the defendant. The Court finds this amount of damages appropriate, particularly in light of the number of people in the establishment during the broadcast of the Event.[5] The Court therefore awards $10,000.00 in statutory damages to the plaintiff for the defendant's violation of § 605(a).

The plaintiff also seeks an increase in damages pursuant to § 605(e)(3)(C)(ii) for the willful violation of § 605(a) "for purposes of direct or indirect commercial advantage." Because the

---

[5] The plaintiff's investigator observed 50 patrons in the establishment during the broadcast. *See* Affidavit of Michael Liles, Dkt. #8, Exhibit A.

defendant has not contested the allegations of willfulness, and default judgment has been granted, the Court considers the defendant's actions to be willful and for the purpose of commercial advantage. "Based on the limited methods of intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance, . . . courts have held conduct such as [intercepting satellite signals] to be willful and for the purposes of direct or indirect commercial advantage or private financial gain." *Al-Waha*, 219 F. Supp. 2d at 776.

The plaintiff requests that the Court increase damages by $100,000.00. The Court finds the requested increase to be excessive under the circumstances. There is no evidence that the defendant has repeatedly intercepted satellite signals or charged a cover charge to watch the Event. While the purpose of this section is to deter future violations, a fine of this size is more likely to destroy than deter. *Cf. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("Depending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business."). Accordingly, the Court will increase the statutory damage amount for violating § 605(a) by $10,000.00 because the defendant is considered to have admitted willfulness, and to deter future violations of § 605(a). *See Al-Waha*, 219 F. Supp 2d at 776 ("The deterrence of future violations . . . is one of the objectives of the statute.").

Under the Act, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). The plaintiff has submitted documentation of attorneys' fees totaling $1,000.00. The Court finds this amount to be reasonable and orders the defendant to pay the plaintiff $1,000.00 in attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the plaintiff's motions for entry of default and for default judgment.  The Court will enter a Final Judgment on this date.

Signed at Houston, Texas on December 13, 2006.

_____

Gray H. Miller
United States District Judge